MIKE SPANO
MAYOR

CHARLES GARDNER
POLICE COMMISSIONER



ROBERT W. CACACE
JUSTICE CENTER
104 SOUTH BROADWAY
YONKERS, NY 10701-4007
Tel. (914) 377-7760
FAX: (914) 377-7762

Page 2 of 2

CITY OF YONKERS
POLICE DEPARTMENT
FORENSIC SCIENCE LABORATORY

## LABORATORY REPORT

F.L.C. #       2649-12
Incident #     122166

D.D. #
Narco. #

2.4.   One (1) knotted piece of plastic containing beige material.

   Analysis of item #2.4 revealed the presence of Cocaine. The weight of the material contained in this item was 9.949 grams.

2.5.   One (1) knotted piece of plastic containing whitish material.

   Analysis of item #2.5 revealed the presence of Cocaine. The weight of the material contained in this item was 21.327 grams.

**The total weight of the powder contained in items #2.1.1 and 2.2 was 88.891 grams (3.13 ounces).**

**The total weight of the material contained in items #2.3.1, 2.4, and 2.5 was 57.387 grams (2.02 ounces).**

The above substance was analyzed using Gas Chromatography-Mass Spectrometry.

The above evidence was heat-sealed in a plastic laboratory bag marked "2649-12 cpc 12/12/12."

This laboratory report is certified as true and accurate by the undersigned on December 27, 2012.

Crystal R. Washington
Forensic Scientist II

*This report does not constitute a case file. The case file may be comprised of worksheets, images, analytical data and other documents.*

Notice: *The making of false statements in this instrument is punishable as a CLASS 'A' Misdemeanor pursuant to section 210.45 of the penal law.*

Reviewed by: _____

**CITY COURT**
**CITY OF YONKERS**
**COUNTY OF WESTCHESTER**

**12-7230**

**FELONY COMPLAINT**

THE PEOPLE OF THE STATE OF NEW YORK
-against-

JOHN RIVERA   290 Hawthorne Ave, Bsmt, Yonkers, NY 10701

12/03/1979
Defendant(s)

Be it known that the complainant herein PO LUGO, *Female*, of the City of Yonkers Police Department, Westchester County, New York, accuses the defendant(s) named above of the following offense(s) committed at 103 Oliver Ave, City of Yonkers, New York at about December 10, 2012 at approximately 5:07 PM

**COUNT ONE**: The Offense of CRIMINAL POSSESSION OF A WEAPON IN THE THIRD DEGREE, a violation of Penal Law PL2650201DF3
**COUNT TWO**: The Offense of ASSAULT IN THE SECOND DEGREE, a violation of Penal Law PL1200503DF2
**COUNT THREE**: The Offense of CRIMINAL MISCHIEF IN THE THIRD DEGREE, a violation of Penal Law PL1450500EF3

The Defendant(s) at the above date, time and place did possess a weapon in the fourth degree as defined in subdivision one, two, three or five of section 265.01, and has been previously convicted of any crime. The Defendant(s) at the above date, time and place did with intent to prevent a peace officer, a police officer, a firefighter, including a firefighter acting as a paramedic or emergency medical technician administering first aid in the course of performance of duty as such firefighter, an emergency medical service paramedic or emergency medical service technician, or medical or related personnel in a hospital emergency department, a city marshal, a traffic enforcement officer or traffic enforcement agent, from performing a lawful duty, by means including releasing or failing to control an animal under circumstances evincing the actor's intent that the animal obstruct the lawful activity of such peace officer, police officer, firefighter, paramedic, technician, city marshal, traffic enforcement officer or traffic enforcement agent, he or she causes physical injury to such peace officer, police officer, firefighter, paramedic, technician or medical or related personnel in a hospital emergency department, city marshal, traffic enforcement officer or traffic enforcement agent. The Defendant(s) at the above date, time and place did having no right to do so nor any reasonable ground to believe that the defendant had such right, intentionally damaged property of another person in an amount exceeding two hundred fifty dollars.

To wit: The defendant(s) at the above date, time and place, after being stopped by police and turning off the ignition of his vehicle pursuant to police instruction, the defendant did turn his vehicle back on and place it in drive in a effort to escape police. The defendant did drive his 2004 Ford Expedition into and on top of a marked Yonkers police car, thereby intentionally damaging the police car with damage in excess of $250 dollars. The defendant did not have the right, nor any reasonable right to believe he had the right to damage the police car. While his car was still on top of the Yonkers Police Vehicle, the defendant did smash his own passenger side window and climb out and run from police. When police finally caught up with them he violently struggled with police officers trying to effectuate his lawful arrest and in the process of swinging his arms and legs and wrestling on the ground, he did cause a wrist injury to PO Carrion, causing her to suffer pain, swelling, and bruising to her wrist and to be placed off duty. Subsequent to being placed into custody, the defendant was found to be in knowing and lawful possession of a gravity knife in his left pants pocket. A test by police officers reveals the knife to open through the application of centrifugal force. The defendant has a prior conviction for attempted Criminal Possession of a Weapon in the Third degree in Westchester County Court on 05/06/2006 under docket 2006-0116.

The above allegation(s) of fact are made by the complainant herein on direct knowledge (and upon information and belief), with the source(s) of complainant's information and the grounds for his or her belief being police investigation.

NOTICE: PURSUANT TO THE PENAL LAW, SECTION 210.45, IT IS A CRIME PUNISHABLE AS A CLASS A MISDEMEANOR TO KNOWINGLY MAKE A FALSE STATEMENT HEREIN.

December 11, 2012

P.O. _____ #810
Signed

EXHIBIT

**CITY COURT**
**CITY OF YONKERS**
**COUNTY OF WESTCHESTER**

12-7232

*[handwritten annotations in margins: "crack 78", "SPG", "37G", "felony JAN 2 2013", "100 GJ", "Almost Apart", "not dropped"]*

**FELONY COMPLAINT**

THE PEOPLE OF THE STATE OF NEW YORK
-against-

JOHN RIVERA   290 Hawthorne Ave, Bsmt, Yonkers, NY 10701          12/03/1979

Defendant(s)

Be it known that the complainant herein PO Delladonna, of the City of Yonkers Police Department, Westchester County, New York, accuses the defendant(s) named above of the following offense(s) committed at 103 Oliver Street, City of Yonkers, New York at about December 10, 2012 at approximately 10:03 PM

**COUNT ONE** : The Offense of CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE IN THE SECOND DEGREE, a violation of Penal Law PL2201801AF2
**COUNT TWO** : The Offense of CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE IN THE THIRD DEGREE, a violation of Penal Law PL2201601BF3

The Defendant(s) at the above date, time and place did knowingly and unlawfully possess one or more preparations, compounds, mixtures or substances containing a narcotic drug and said preparations, compounds, mixtures or substances are of an aggregate weight of four ounces or more. The Defendant(s) at the above date, time and place did knowingly and unlawfully possess a narcotic drug with intent to sell it.

To wit: The defendant(s) at the above date, time and place, did knowingly and unlawfully possess in the glove box of the vehicle he was the operator and sole occupant of, a black bag containing a plastic bag with a powder substance believed to be heroin and the aggregate weight of said heroin is four ounces or more, to wit, approximately 190 grams. The defendant additionally possessed a digital scale commonly used in trafficking narcotics. Based on your deponent's training and experience, the weight, packaging of the of the heroin as well as the proximity of the scale evinced the intent to sell the heroin.

Your deponent's conclusion that the above substance is heroin consists in part on deponent's training and experience as a police officer in the recognition of controlled substances including heroin.

The above allegation(s) of fact are made by the complainant herein on direct knowledge (and upon information and belief), with the source(s) of complainant's information and the grounds for his or her belief being police investigation.

NOTICE: PURSUANT TO THE PENAL LAW, SECTION 210.45, IT IS A CRIME PUNISHABLE AS A CLASS A MISDEMEANOR TO KNOWINGLY MAKE A FALSE STATEMENT HEREIN.

December 11, 2012                                   _____
                                                                   Signed

*[handwritten at bottom: "I wasn't there when he was hand cuffed / testified / she came from / she found out 5 hours"]*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN RIVERA

*(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)*

- against -

THE CITY OF YONKERS ET AL

*(In the space above enter the full name(s) of the defendant(s)/respondent(s).)*

___ Civ. _____ (__)(__)

**AFFIRMATION OF SERVICE**

I, JOHN RIVERA (name), declare under penalty of perjury that I have served a copy of the attached COMPLAINT 42 U.S.C. 1983 plus forma paurpis request *(document you are serving)* upon PROse OFFICE RM 230 *(name of person served)* whose address is 500- PEARL STREET ,N.Y. 10007 usdc sdny *(where you served document)* by mail regular postage *(how you served document: For example - personal delivery, mail, overnight express, etc.)*.

Dated: valhalla , ny
       (town/city)   (state)

march  8  , 20 13
(month) (day) (year)

Signature  42879
westchester county jail
Address
valhalla, n.y.
City, State
10595
Zip Code

Telephone Number

RECEIVED MAR 21 2013 PRO SE OFFICE

Rev 05/2007